GEORGE RAMMEL v. JAMES F. WATSON.

1. An alias execution, issued and tested of a day prior to the return day of the original execution, is not a void writ.
2. An alias execution first delivered to the sheriff, held to be entitled to a preference before an alias upon an older judgment, delivered subsequently, as against land acquired by the defendant after the date of both judgments, before the issue of the alias writs.

In this case the only question was as to the appropriation of money raised by sale and brought into court for distribution between execution creditors, upon the facts stated in the opinion of the court.

Argued before Justices ELMER and HAINES.

For the plaintiff, *A. L. Eakin.*

For the defendant, *S. A. Allen.*

The opinion of the court was delivered by

ELMER, J. The plaintiff, Rammel, obtained a judgment in this court, May 16th, 1863, against the defendant, James F. Watson, and on the 18th issued an execution against his goods and lands, returnable to the ensuing June term, which was delivered to the sheriff of the county of Salem, who levied the same on the goods and lands of the defendant, but made no sale. On the 8th day of August, 1864, the defendant became seized of some land as one of the heirs of his father, who died on that day. On the 15th day of the same August, an alias *fi. fa.* was issued on this judgment and

duly recorded, and was delivered to the sheriff on the 17th, and by him so endorsed, as directed by the statute. This writ was levied on the newly acquired land.

James Coombs, guardian, &c., obtained a judgment against the said James F. Watson on the 9th day of October, 1863, in the Circuit Court of the county of Salem; and upon this judgment an execution against goods and lands was issued May 28th, 1864, returnable to the ensuing September term of the said Circuit Court, which was delivered to the sheriff, who appears to have taken no steps to execute it, except that, at September term, he returned it endorsed, "levied on the goods and chattels, lands and tenements, of the within named defendant, as per inventory and description annexed, subject to prior executions, value one dollar;" but no inventory or description was returned.

On the 15th of August, 1864, an alias execution was issued, returnable to the ensuing September term, which was recorded and delivered to the sheriff on the 16th of the same month, and duly endorsed. Upon this writ the sheriff, on the same day, levied on the land the defendant had acquired by the death of his father, as aforesaid. This property being sold by the sheriff, and the money raised not being sufficient to satisfy both executions, it was agreed by the parties that it should be paid into this court, and the question submitted upon the above stated facts, which execution is entitled to be first satisfied.

The act of this state respecting executions, *Nix. Dig.* 267,* plainly provides that when sundry executions shall be issued against the goods and chattels, lands, tenements, hereditaments, and real estate of the same person, and sufficient cannot be found to satisfy all the sums commanded to be made, the execution first delivered to the sheriff shall have the preference. As the alias execution, at the suit of Coombs, was delivered to the sheriff before the alias at the suit of Rammel, it is clear that, as between these writs, that in favor of Coombs is entitled to be first satisfied, unless the writ first delivered to the sheriff must be considered as void,

* *Rev., p.* 392, § 19.

because it was issued before the original execution was returned. In my opinion it is not a void writ, but at most only voidable for irregularity. The judgment was in full force and unsatisfied when it was issued, and it is rightly tested of that day. If necessary to make it regular, the return of the original execution may be amended as of the same date. By virtue of the statute of 1855, *Nix. Dig.* 669, § 161,* executions may now be issued at the same time into different counties, and an execution may be issued without a *scire facias* at any time within twenty years; nor am I aware of any rule which prevents an execution being returned before its return day, and an alias or other supplementary execution being issued whenever it may become necessary. The original execution, issued on the judgment in favor of Rammel, had ceased to be in force before Watson acquired the property that was sold, which could only be reached by an alias or an execution for the residue. In my opinion, so much of the money paid into court as may be necessary to satisfy the amount due on the alias execution in favor of Coombs, with interest, must be paid to him or his attorney, and the remainder paid to Rammel or his attorney.

Order accordingly.

HAINES, J., concurred.